# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**YEMAL CALDERÓN AMEZQUITA**

**Plaintiff,**

**v.**

**RAFAEL VICENS, et al.,**

**Defendants.**

**CIVIL NO. 17-2197 (GAG)**

## OPINION AND ORDER

Yemal Calderón Amezquita ("Plaintiff") brought forth the current action under diversity jurisdiction. Plaintiff alleges medical malpractice, which led to the unfortunate and untimely death of his father, Carmelo Calderón Marrero. (Docket No. 68). Before the Court is individual defendant Rafael Vicens' ("Defendant Vicens") Motion Requesting Summary Judgement. (Docket No. 167). For the reasons stated below Defendant Vicens' Motion Requesting Summary Judgment is **GRANTED.**

### I.     Local Rule 56

As a threshold matter, the Court must determine whether Plaintiff properly denied Defendants' statements of uncontested material facts ¶ 4, 5, 6, 8, 9, and 10, in which he included additional facts in his denials. Although Defendant did not raise the issue, the Court addresses it *sua sponte*.

At the summary judgment stage, parties must follow Local Rule 56. Section (c) instructs that "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." L. Cv. R. 56(c). This opposing statement "shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each

numbered paragraph of the moving party's statement of material facts." Id. Each denial and qualification must be supported by a record citation. Id.

In addition to allowing an opposing party to admit, deny, or qualify the moving party's facts, Local Rule 56(c) allows an opposing party to submit additional facts "*in a separate section*." Id. (emphasis added). As the First Circuit has stated, "[t]he plain language of the rule specifically requires that additional facts be put forward in a 'separate section.'" Carreras v. Sajo, Garcia & Partners, 596 F.3d 25, 32 (1st Cir. 2010) (holding that district court acted within its discretion when it disregarded additional facts not contained in a separate section). A separate section serves two purposes: "to allow the moving party to reply to those additional facts and to allow the court to easily determine the disputed facts." Malave-Torres v. Cusido, 919 F. Supp. 2d 198, 207 (D.P.R. 2013). For these reasons, "a party may not include numerous additional facts within its opposition to the moving party's statements of uncontested facts." Id. If a party improperly controverts the facts, Local Rule 56 allows the Court to treat the opposing party's facts as uncontroverted. Thus, the First Circuit has consistently held that litigants ignore Local Rule 56 at their peril. See Caban Hernandez v. Philip Morris USA, Inc., 486 F. 3d 1, 7 (1st Cir. 2007).

> The line between a properly supported qualification or denial and additional facts can be blurry. Because Local Rule 56 requires that a record citation support each qualification or denial, it can seem inevitable to proffer additional facts when doing so. But a better understanding of what constitutes a qualification or denial helps. A qualification is "[a] modification or limitation of terms or language; esp., a restriction of terms that would otherwise be interpreted broadly." *Qualification*, BLACK'S LAW DICTIONARY 1436 (10th ed 2014). Simply put, a qualification must clarify a statement of fact that, without clarification, could lead the Court to an incorrect inference. Thus, if a fact states that "Plaintiff works as an attorney all day," a proper qualification would be: "Plaintiff works as an attorney from 9-5" and a citation to the record supporting this fact. This would prevent the Court from inferring that Plaintiff works as an attorney from 7 a.m. to 9 p.m., which can be the standard in the legal world. Adding that Plaintiff works from 9-5 would not be considered an "additional fact" in the context of Local Rule 56. On the other hand, a denial, as common sense suggests, is "[a] statement that something is not true." *Denial*, id. at 527. So if a fact states that "Plaintiff is an attorney," a proper denial

**Civil No. 17-2197 (GAG)**

would be: "Denied. Plaintiff is a doctor" and a citation to the record supporting this fact.

First Circuit case law sheds some light on when parties cross the line between a proper qualification or denial and additional facts. In <u>Acevedo-Padilla v. Novartis Ex Lax, Inc.</u>, the district court held that "a party's denial or qualification of a proposed fact *must be strictly limited to the issue therein raised.* Any additional information shall be included in a separate section in order to ease the Court's task." 740 F. Supp. 2d 293, 298 (D.P.R. 2010), <u>rev'd and remanded on other grounds</u>, 696 F.3d 128 (1st Cir. 2012) (emphasis added). The First Circuit affirmed this ruling, labeling it "an appropriate exercise of [the district court's] discretion." <u>Acevedo-Parrilla</u>, 696 F.3d at 137 ("[D]istrict court, in an appropriate exercise of its discretion, ruled that it would disregard any additional facts provided by [plaintiff] when denying or qualifying [defendant's] statement of uncontested facts"). So, returning to the previous example of the 9-5 attorney, it could be improper to qualify the fact that Plaintiff works "all day" by adding that one day at work, Plaintiff's boss made a discriminatory remark. This fact would not be "strictly limited to the issue therein raised." <u>Acevedo-Padilla</u>, 740 F. Supp. 2d at 298.

The Court notes that the "strictly limited to the issue therein raised" standard for denials and qualifications, as articulated by my esteemed colleague, the late Senior Judge Salvador E. Casellas, is demanding but necessary. <u>Id.</u> The Court wants to impart justice, and lawyers play an essential role in helping it achieve this goal. Honest argumentation and clear presentation of the issues and facts help the Court tremendously. The opposite burdens the Court just as much.

<u>Natal Perez v. Oriental Bank & Tr.</u>, 291 F. Supp. 3d 215, 219-221 (D.P.R. 2018).

Here, Plaintiff's response to Defendant Vicens' statement of uncontested material facts suffers similar, though not as severe, flaws as the plaintiff's in <u>Acevedo-Parrilla</u>: a few of Plaintiff's denials contain additional facts. To illustrate the problem, here is an example: "Dr. Vicens received the study for its interpretation at 4:04 p.m. of January 24, 2016." (Docket No 167-1, ¶ 4). A proper denial or qualification would be limited to clarify that Defendant Vicens received the CT Scan at a different time, (i.e. 3 p.m.). Instead, Plaintiff denies the statement in the following manner:

Paragraph No. 4 of Dr. Vicens' SUMF is denied. In addition to the reasons and evidence cited in paragraph No. 2 above [detailing the possibility the CT Scan was performed at 12:30 a.m., while stating evidence indicates the CT Scan was ordered, rather than performed, at said time], just this past Friday, the Hospital first produced copy of a contract with the entity that administers its Radiology Department. See the Contract, Exhibit II. That contract states that radiologists in shift are responsible for the supervision of supporting staff working at the Radiology Department. Id.,

3

**Civil No. 17-2197 (GAG)**

at pg. 6, ¶ 8. At this stage, given that discovery is still at an early stage, it is impossible to rule out whether Dr. Vicens had supervisory duties over the supporting staffers who took over 16 hours after the CT Scan was ordered (if in fact it was not administered at 12:30 am) to take Dr. Calderon's father to the imaging room. Last but not least, this SUMF is supported by a sworn declaration. Unfortunately, the record before this Honorable Court already has evidence showing that other codefendants in this case have recanted sworn declarations disavowing ever provided services to Dr. Calderón's father. See Docket No. 165. At this stage, when Dr. Vicens has yet to be deposed, it is still a possibility that he may recant as well.

(Docket No. 175 at 5-6, ¶ 4). Plaintiff's response goes beyond the issue therein raised and fails to deny the statement with pertinent support. Thus, pursuant to Rule 56, Defendant's statement is deemed admitted.

## II. Relevant Factual Background

The relevant uncontested facts are as follows. Defendant Vicens is a board-certified radiologist. (Docket Nos. 167-1, ¶ 1; 175 at 4, ¶ 1). The Doctors' Center Hospital Radiology Department, for which Defendant Vicens provided services, employs protocols that state their "purpose is to promote the communication of critical findings in a precise manner and in the least possible amount of time pursuant to an established metrics of thirty (30) minutes." (Docket No. 167-1, ¶ 7 and 9). As well as, the standardization of "the average time of interpretation of diagnostic tests and availability of results, in order to offer a better health care to the patient." (Docket No. 175 at 6, ¶ 7 and 9). Under said protocol, "results are to be made available one hour or less since the procedure was performed." Id.

On January 24, 2016, an abdominal CT scan was ordered for patient Carmelo Calderón Marrero. (Docket Nos. 167-1, ¶ 2; 175 at 4, ¶ 2). Defendant Vicens received the study for interpretation at 4:04pm. (Docket Nos. 167-1, ¶ 4; 175 at 5, ¶ 4).[1]

---

[1] It is important to note that Plaintiff denies Defendant Vicens assertion that he "received the study for its interpretation at 4:04 p.m. of January 24, 2016." (Docket No. 167-1, ¶ 4). However, Plaintiff fails to properly

4

Defendant Vicens dictated his interpretation at 4:32 p.m. At 4:46 p.m. Defendant Vicens discussed the study's findings via telephone to one of the physicians on shift in the Emergency room of Doctors' Center Hospital. (Docket Nos. 167-1, ¶ 6; 175 at 6, ¶ 6). Additionally, Plaintiff appears to imply that Defendant Vicens has supervisory duties within the Radiology department. (Supplemental Opposition Summary Judgment, Docket No. 307).

Plaintiff and Defendant Vicens entered discussions to voluntarily dismiss the present claims against Defendant Vicens after preliminary discovery was conducted. (Dockets No. 175 at 1). The two parties came to an impasse as to whether the claims were to be dismissed with prejudice or without prejudice. Id. at 2.

### III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).

---

contest this fact. Plaintiff proffers no evidence that Defendant Vicens received the study at any time other than 4:04pm. Rather, he discusses that a previously unknown contract "states that radiologists in shift are responsible for the supervision of supporting staff working at the Radiology Department." (Docket No. 175 at 5, ¶ 4). As such, the fact is not properly denied nor contested. Furthermore, Plaintiff agrees with Defendant Vicens' assertion. "Dr Calderón agrees with Dr. Vicens that the evidence does appear to show that the CTS was performed at 4:04 p.m. on January 24, 2016. But the Hospital's expert states the contrary." (Docket No. 191 at 5). Nevertheless, this doesn't address the fact that Defendant Vicens received the report at 4:04 p.m., regardless of when the study may have in actuality been performed.

The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the Court finds that a genuine issue of material fact remains, the resolution of which could affect the outcome of the case, then the Court must deny summary judgment. See Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**IV.    Legal Analysis**

A prima facie case for medical malpractice under Puerto Rico Civil Code requires proof of three elements: "(i) the duty owed (i.e., the minimum standard of professional skill and knowledge required in the relevant circumstances), (ii) an act or omission transgressing that duty, and (iii) a sufficient causal nexus between the breach of duty and the harm claimed." Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 6 (1st Cir. 2010). Moreover, "under Puerto Rico law, a health-care provider 'is presumed to have exercised reasonable care in the discharge of his functions.'" Lopez-

**Civil No. 17-2197 (GAG)**

Rivera, 247 F. Supp. 3d at 186 (citing Medina Santiago v. Velez, 20 P.R. Offic. Trans. 399, 404, 120 P.R. 380, 8 (1988)). Hence, "'[t]he occurrence of an accident is not itself sufficient to prove negligence' in a case of alleged medical malpractice." Id. (citing Medina Santiago, 20 P.R. Offic. Trans. at 404). Since doctors cannot "guarantee a favorable result in each case, failure in the treatment prescribed or in the diagnosis made does not alone constitute a negligent act." Id. (citing Medina Santiago, 20 P.R. Offic. Transat 404).[2]

The Plaintiff's primary contention appears to be that the time in which the CT Scan was performed is contested, and thus, consequentially a material issue of fact precludes summary judgment. Plaintiff affirms that the "Court [must] rule[] upon the conflicting factual evidence advanced by Dr. Vicens and the Hospital," for summary judgment to be warranted. (Docket No. 175 at 7). However, the time in which the scan was performed is of no relevance to Defendant Vicen's liability. For Defendant Vicens to be found liable he personally must have breached the duty of care owed to the patient.

It appears evident to the Court that Plaintiff has not, and is not contesting, that Defendant Vicens received the study at 4:04 p.m., promptly within the hour interpreted the results, and identified a perforated intestine. (Docket No. 175 at 6). Rather Plaintiff appears to be concerned that if Defendant Vicens is removed as a party and "the Hospital prevails in its theory about the time in which the CT Scan was performed, recovery for damages claimed in the Complaint would be negatively affected." Id. at 2. However, Defendant Vicens' liability rests on the timeliness of his intervention from the moment he was provided the study. As such, the controversy of fact as

---

[2] López-Rivera v. Hosp. Auxilio Mutuo, Inc., 290 F. Supp. 3d 137, 142 (D.P.R. 2017).

**Civil No. 17-2197 (GAG)**

to when the exam was performed is not materially relevant to the liability of individual Defendant Vicens.[3] Such is however pertinent to the liability of a number of remaining co-defendants.

A) <u>Duty of Care</u>

As discussed above, the Doctors' Center Hospital Radiology Department, employs protocols that state their "purpose is to promote the communication of critical findings in a precise manner and in the least possible amount of time pursuant to an established metrics of thirty (30) minutes." (Docket Nos. 167-1, ¶ 7; 175 at 6, ¶ 7). Additionally, the standardization of "the average time of interpretation of diagnostic tests and availability of results, in order to offer a better health care to the patient." <u>Id.</u> ¶ 9; at 6, 9. Under said protocol, "results are to be made available one hour or less since the procedure was performed." <u>Id.</u>

Plaintiff has not expanded upon the former protocol, nor in their amended complaint have they explained the duty of care required by Defendant Vicens. (Docket No. 68). Plaintiff simply states that Dr. Vicens "negligently failed to interpret the abdominal CT Scan." <u>Id.</u> at 22. Additionally, he claims "[i]t was not until 4:42 p.m.—that is, more than eight and-a-half hours after he had begun working at the Hospital's Radiology Department—that Dr. Vicens finally paid attention to the abdominal CT Scan performed on Mr. Calderon during the wee hours of that day." <u>Id.</u> However, Plaintiff does not (as discussed above) contest that the CT Scan was only made available to Defendant Vicens for interpretation at 4:04 p.m. (Docket Nos. 167-1, ¶ 4; 175 at 5, ¶ 4). Absent any evidence that Defendant Vicens' interpretation of the CT Scan was unduly delayed once made available to him, the Court does not see how he violated any duty of care.

---

[3] Plaintiff attempts to discredit Defendant Vicens' sworn declaration against penalty of perjury by arguing that a fellow defendant recanted his sworn declarations and thus, implies Defendant Vicens will do the same. (Docket No. 175 at 6-7, ¶ 4-6, 8, 19, and 11). Absent any evidence indicating false statements made by Defendant Vicens, or evidence countering his statements, the Court will not entertain such assertions.

**Civil No. 17-2197 (GAG)**

The evidence proffered by Defendant Vicens, which Plaintiff does not counter, is that he received the CT scan for interpretation at 4:04 p.m. (Docket Nos. 167-1, ¶ 4; 175 at 5, ¶ 4). There is no evidence to indicate that the scan was made available to Defendant Vicens prior to 4:04 p.m. He subsequently dictated and discussed the findings of the scan within the Doctor's Center Hospital Radiology Department's protocol. As Plaintiff has failed to demonstrate an act or omission conducted by Defendant Vicens that violates the duty of care applicable to him, there simply is not enough evidence to show Defendant Vicens conducted himself in any manner that deviated from the standard of care he was obliged to provide. Threadbare accusations of malpractice and negligence are not enough to maintain a malpractice claim.

B) <u>Defendant Vicens' Role as Supervisor</u>

Plaintiff raises the possibility that Defendant Vicens occupied a supervisory role in the radiology department. (Docket No. 175 at 3). Thus, Plaintiff theorizes, that Defendant Vicens' "negligent supervision" led to the sixteen-hour delay in performing the abdominal CT Scan. <u>Id.</u> Plaintiff asserts this new theory in his sur-reply. Plaintiff claims that Defendant had the capacity to intervene and prevent the prolonged waiting time his father endured while waiting to receive a CT Scan. (Docket No. 307). He proffers no evidence that the monitoring and expedition of waiting time fell within Defendant's duties. <u>Id.</u>

The evidence cited by Plaintiff, which he alleges demonstrates Defendant Vicens' supervisory role, states that "radiologists will supervise the performance of such X-ray technician . . . [and t]he radiologists will provide not less than 10 hours per week to be devoted to administration and supervision work and activities at the department." (Docket No. 175-2, at 6). This Radiology Services Agreement was entered into by the Doctors' Center Hospital Bayamon, represented by the Administrator Maria T. Marte Peralta and Diagnostic Imaging at Doctors'

**Civil No. 17-2197 (GAG)**

Center Hospital, represented by radiologist Dr. Lorraine Vázques Vives. Defendant Vicens is not a party to the agreement. Id. at 1. Furthermore, Defendant Vicens in his Second Declaration Under Penalty of Perjury, alleges that he is an independent contractor for Diagnostic Imaging at Doctors' Center Hospital, who is only available for consultations via telephone. (Docket No. 188-2, ¶ 2). Defendant Vicens even goes so far to claim he has never been physically present at Doctors' Center Hospital Bayamon. Id., ¶ 3. Plaintiff does not negate or address such in his Sur-Reply. (Docket No. 191). Given such, there is no evidence to suggest that it was Defendant Vicens' duty to "spring into action and call the Hospital's CT Scan technologists working under him when a CT Scan has been outstanding for too long before it is performed." (Docket No 307 at 2). There is no evidence to demonstrate he had any technologists working under him, nor the authority to expedite the CT Scan and prevent untimely delay.

Plaintiff's accusations are just simply too threadbare. There is no discussion as to whether Defendant Vicens has the authority to bump people forward in line, nor as to the availability of CT imaging machinery on the day in question. Absent evidence that it is Defendant Vicens' duty to perform such acts the Court cannot assume these fell within his purview. Under the evidence currently before the Court, Defendant Vicens' duty is to interpret the CT Scan study once provided to him and timely report the results. Pursuant to such, it appears the only control Defendant Vicens had over the timeliness of the medical intervention was as to how quickly he personally could interpret the study. Plaintiff has failed to tie any pertinent facts to any concrete allegations of malpractice as to Defendant Vicens, save for some conclusory statements. His threadbare allegations, thus, are not sufficient to prove negligence. Lopez-Rivera, 247 F. Supp. 3d at 188.

All evidence pertinent to this Motion for Summary Judgment indicates Defendant Vincens received the study for interpretation at 4:04 p.m. and promptly performed his legal obligations.

**Civil No. 17-2197 (GAG)**

There is no evidence to indicate that Defendant Vicens violated any duty of care, and consequentially no evidence that he was negligent. The Court can not merely keep a non-liable defendant as a party to a case to ensure recovery of damages from truly liable defendants are not affected.

**V.  Conclusion**

For the reasons stated above, Defendant Vicens' Motion for Summary Judgment. (Docket No. 167) is **GRANTED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 19th day of August 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge