## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**YEMAL CALDERÓN AMÉZQUITA**

**Plaintiff,**

**v.**

**VICTOR RIVERA-CRUZ, ET AL.,**

**Defendant.**

CIVIL NO. 17-2197 (GAG)

## MEMORANDUM OPINION

On July 22, 2020, the Court issued an Opinion and Order ruling on several dispositive motions filed by the parties in the present case. (Docket No. 581). Plaintiff Yemal Calderón-Amezquita presented four separate motions requesting the Court to reconsider its decision to dismiss time-barred claims against Defendants Dr. Andrés Ávila-González and Dr. Ángel Torres-Sánchez (Docket No. 586), Grupo de Emergencias VRC, CSP ("GEVRC") (Docket No. 588) and Dr. Carlos Hernández-Román (Docket No. 590). As a result, the Court ordered said Defendants to file responses in opposition and for Plaintiff to show cause as to why the documents now submitted to the record were not presented when he opposed the dispositive motions already ruled upon. (Docket No. 592). The parties complied with said directives. (Docket Nos. 593, 594, 595, 597, 599, 600). Additionally, Defendant Dr. Rivera-Cruz filed a motion seeking reconsideration as to the Court's determination to validate Plaintiff's extrajudicial actions against him. (Docket No. 607). Plaintiff responded in opposition. (Docket No. 608).

Rule 59(e) motions, which seek to alter or amend a judgment, include motions for reconsideration. See Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). "Rule 59(e) relief is granted *sparingly*, and only when the original judgment evidenced a manifest error of law,

Civil No. 17-2197 (GAG)

if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe, 772 F. 3d at 930 (internal quotation marks and citations omitted) (emphasis added). Nonetheless, the motion "is not an appropriate mechanism to reiterate previous arguments or assert *arguments that could have, or should have, been raised initially.*" R&T Roofing Contractor, Corp. v. The Fusco Corp., Civil No. 15-2955 (GAG), 2016 WL 7187315 at *2 (D.P.R. 2016) (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)) (emphasis added). A Rule 59(e) motion does not allow a party to correct its own procedural missteps. Biltcliffe, 772 F. 3d at 930 (citing Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

In sum, to grant a motion for reconsideration, the Court recognizes only three possible grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law." Torres v. González, 980 F.Supp. 2d 143, 147 (D.P.R. 2013). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions are typically denied." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 (2d ed.) (2012); Rivera v. Meléndez, 291 F.R.D. 21, 23 (D.P.R. 2013) (denying motion for reconsideration when "plaintiff's clear intention is to achieve yet another bite at the apple, and continue this litigation by ignoring and/or refusing this court's ruling"). See also Cortés v. Sony Corp. of Am., Civil No. 14-1578 (GAG), 2015 WL 4204028 at *1 (D.P.R. 2015).

Plaintiff Calderón-Amézquita argues that the Court erred in converting Defendants Dr. Ávila-González and Dr. Torres-Sánchez's motions to dismiss into motions for summary judgment; in granting said motions which were purportedly based on conclusory assertions without any evidentiary support, and for making a negative inference against the non-movant party, in this case, himself. (Docket No. 586). Defendants Dr. Ávila-González and Dr. Torres-Sánchez opposed and

Civil No. 17-2197 (GAG)

posited that this Court should not entertain Plaintiff's motion for reconsideration because it fails to comply with Rule 59(e) requirements and that, ultimately, Plaintiff Calderón-Amézquita did not submit evidence to refute their time-barred proposition. (Docket Nos. 593, 595, 597).

Similarly, Plaintiff Calderón-Amézquita seeks reconsideration for the Court's dismissal of the claims against GEVRC and Dr. Hernández-Román. (Docket Nos. 588; 590). Plaintiff advances that GEVRC did not contest his disposition testimony or unsworn statement; thus, this Court could not "turn a blind eye to uncontroverted evidence of record" and disregard the date Plaintiff allegedly came to know about the corporation's identity. (Docket No. 588 at 5). Plaintiff then avers that "the one-year statute of limitation against VRC Group began to run no earlier than the date Dr. Calderón filed his Complaint on September 13, 2017." Id. at 4-5. As to Dr. Hernández-Román, Plaintiff puts forward that dismissal was grounded on factual and legal theories Defendant never raised; notably, disregarding an unsworn statement which was never requested. (Docket No. 590). Moreover, Plaintiff Calderón-Amézquita argues that the Court: (1) misinterpreted case-law about "personal knowledge" in the context of unsworn statements and the "sham affidavit" doctrine; (2) impermissibly weight-in on credibility issues and (3) imposed an "inexistent" supplementation requirement as to documents referenced in affidavits. Id. at 7-12.

In its opposition, GEVRC advances that Plaintiff cannot introduce new evidence, *e.g.* the Commonwealth court interrogatories, or advance new arguments, *e.g.* a new accrual date, that could or should have been presented earlier. (Docket No. 599). Specifically, it argues that for the first time Plaintiff alleges that the one-year statute of limitation against GEVRC began to run no earlier than on the date that the Complaint was filed on September 13, 2017. Id. at 6-7. On the other hand, Dr. Hernández-Román posits that: (1) it is an "uncontested fact that there was no extrajudicial claim tolling the statute of limitations" against him; (2) this Court "*may* consider an inadmissible

Civil No. 17-2197 (GAG)

unopposed affidavit, [and that] does not mean that it *has* to consider it, especially when ruling upon a dispositive motion and in light of other admissible evidence" and (3) that Plaintiff cannot advance new arguments in a motion for reconsideration, so there is no need for Defendant to address the alleged "misplaced basic legal principles." (Docket No. 600 at 10, 11, 13) (emphasis in original).

Plaintiff also filed a response as to the Court's show cause order, explaining why he had not submitted the "extrajudicial letters" against several Defendants and the Commonwealth court interrogatories, referencing the April 25, 2018 accrual date, until after the Opinion and Order was issued. As to the "extrajudicial letters" Plaintiff Calderón-Amézquita stated that:

> Facing dispositive motion practice devoid of the required evidentiary proffer, Dr. Calderón had no reason to submit into the record the extrajudicial claims. At the time (and still today), no evidence of record had been presented for Dr. Calderón to controvert by filing into the record the extrajudicial claims. *The extrajudicial claims were irrelevant when the Opinion and Order issued, and they are still irrelevant today.*

(Docket No. 594 at 2-3) (emphasis in original). As to the Commonwealth court interrogatories, specifically regarding to Dr. Hernández-Román, Plaintiff argues that the Court's ruling "constituted the first notice provided to Dr. Calderón about the weight the state-court document would receive in adjudication" and that he "is no clairvoyant. Nor are his attorneys." Id. at 4. Hence, he did not submit them, but had Defendant Dr. Hernández-Román challenged the "declaration under penalty of perjury on the grounds ultimately found dispositive in the Opinion and Order, the state-court document would have been submitted into the record with all deliberate speed." Id. In this submission, Plaintiff Calderón-Amézquita did not address the issue as to Defendant GEVRC.

Finally, Defendant Dr. Rivera-Cruz filed a motion for reconsideration averring that the Court misapplied the sham affidavit rule and applicable Commonwealth case-law as to the receipt of an extrajudicial letter because there is no evidence of record that it was actually addressed and mailed to Dr. Rivera-Cruz. (Docket No. 607). Similarly, he advances that Plaintiff had the burden of

Civil No. 17-2197 (GAG)

1   establishing that the statute of limitations was tolled and it failed to prove it. (Docket No. 607).

2   Plaintiff Calderón-Amézquita opposed arguing that Dr. Rivera-Cruz rehashes arguments proffered

3   at the summary judgment stage and there are still genuine issues of material facts precluding

4   summary disposition of the claims pending against him. (Docket No. 608).

5          After careful consideration of the parties' motion for reconsideration, the Court **DENIES**

6   each one as they fail to meet the burden required under Rule 59(e). <u>See</u>

7   <u>Biltcliffe v. CitiMortgage, Inc.</u>, 772 F. 3d 925, 930 (1st Cir. 2014).

8          First, as to Plaintiff's request to reconsider the ruling dismissing Dr. Ávila-González and Dr.

9   Torres-Sánchez' claims, the Court holds that all arguments and documents now raised could have,

10  or should have, been presented initially. After a prolonged discovery and given the fact that

11  Defendants Dr. Ávila-González and Dr. Torres-Sánchez attached deposition testimony to their

12  motions to dismiss, Plaintiff should have become aware these filings would be considered as motions

13  for summary judgment. <u>See</u> <u>Gulf Coast Bank & Tr. Co. v. Reder</u>, 355 F.3d 35, 38-39 (1st Cir. 2004);

14  (Docket No. 581 at 10). Moreover, in this case, the Court held that on February 21, 2016, when

15  Plaintiff's father passed away, a wrongful death claim arouse. (Docket No. 581 at 22). It is

16  uncontested that the Complaint was filed on September 13, 2017 *more than* a year after the accrual

17  date. (Docket No. 1). There was already a time-barred presumption. <u>See</u> <u>Alejandro-Ortiz v. PREPA</u>,

18  756 F.3d 23, 27 (1st Cir. 2014). On top of this, Defendants Dr. Ávila-González and Dr. Torres-

19  Sánchez raised the prescription affirmative defense. It is black-letter law that when prescription is

20  raised as an affirmative defense, "the burden of proving that prescription has been interrupted *shifts*

21  to the plaintiff." <u>Rodríguez v. Suzuki Motor Corp.</u>, 570 F.3d 402, 406 (1st Cir. 2009) (<u>quoting</u> <u>Tokyo</u>

22  <u>Marine & Fire Ins. Co. v. Pérez & Cía. de P.R., Inc.</u>, 142 F.3d 1, 4 (1st Cir. 1998) (emphasis added)).

23

24

Civil No. 17-2197 (GAG)

Accordingly, under Rule 56(a), Plaintiff had the legal obligation to present "definite, competent evidence to rebut the motion[s]." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). (Docket No. 581 at 11). However, he failed to do so and simply rested "upon conclusory allegations." Rossy v. Roche Prod., Inc., 880 F. 2d 621, 624 (1st Cir. 1989) (Docket No. 581 at 11-12). The extrajudicial letters' submission was *completely relevant* to the case's disposition and the Court will not consider them at this time. Plaintiff decided not to file them when opposing the affirmative defense was raised and to allow and review them now would result in the Court giving him "yet another bite at the apple." Rivera v. Meléndez, 291 F.R.D. 21, 23 (D.P.R. 2013). The Court stands by its legal reasoning discussed in the Opinion and Order and concludes no clear error of law occurred.

Second, Plaintiff Calderón-Amézquita seeks to reconsider GEVRC's dismissal because it did not contest his deposition testimony as to when he learned about its identity and now puts forward that the accrual date "began to run no earlier than . . . September 13, 2017." (Docket No. 588 at 4-5). The Court already addressed the deposition testimony issue and held that GEVRC "puts into question Plaintiff's personal knowledge" as to the proposed fact, via unsworn statement, that he first learned about its existence on April 25, 2018. The Court held that Plaintiff lacked personal knowledge as to this fact and that his statements "borderlines" a sham affidavit. (Docket No. 581 at 27). As a result, the Court "disregard[ed] paragraph eleven of the unsworn statement for failing to comply with the standard set forth in FED. R. CIV. P. 56(c)(4)" and did not consider April 25, 2018 as the accrual date for claims against GEVRC. Id. at 28. Plaintiff Calderón-Amézquita now proposes a "new" accrual date, yet the Court precisely relied on said date to solve that the claims were time-barred because no extrajudicial actions were undertaken. (Docket No. 581 at 28). Therefore,

Civil No. 17-2197 (GAG)

pursuant to Rule 59(e), Plaintiff does not present any new argument or evidence that warrants reconsideration and, further, the Court did not incurred in a manifest error of law.

Third, as to Dr. Hernández-Román, Plaintiff Calderón-Amézquita primarily focuses on the fact that said Defendant never argued nor requested the Court to disregard the unsworn statement. This Court's *foremost duty* is to abide by and apply the Federal Rules of Civil Procedure, which include scrutinizing the probative value of an *ex parte* document offered at the summary judgment stage, pursuant to FED. R. CIV. P. 56(c)(4). Under said judicial authority, the Court disregarded paragraph eleven of the unsworn statement at Docket Nos. 517-1 and ruled that "Plaintiff's procedural deficiency is not an issue of authentication or evidence admissibility, as previously required by Rule 56(e), but rather an omission on the record about a document referenced in an affidavit used to base a fact that could potentially defeat [Dr. Hernánez-Román and] GEVRC's entire motion for summary judgment." (Docket No. 581 at 27). When the Court ordered to show cause as to why the Commonwealth court document had not been submitted to record to support the April 25, 2018 accrual date, Plaintiff responded that he is "no clairvoyant" and did not know "the weight the state-court document would receive in adjudication." (Docket No. 594 at 4). The Court cannot allow this sort of excuse when substantial discovery had taken place and Plaintiff submitted a unsupported affidavit *after* the period for filing motions for summary judgment had elapsed. Once again, the Court stands by its legal reasoning and holds it did not incurred in a clear error of law.

Finally, Defendant Dr. Rivera-Cruz's motion for reconsideration basically rehashes arguments which were already considered and issues that were ruled upon in the Opinion and Order. (Docket No. 581 at 30-31). The Court is unpersuaded by Defendant's "new" arguments as to its decision to exclude part of his unsworn statement testimony and to validate his receipt of the extrajudicial letter sent. Hence, the Court stands by its previous reasoning and holding.

**Civil No. 17-2197 (GAG)**

In the end, these motions for reconsideration were grounded "on the discovery of evidence that, in the exercise of due diligence, could have been presented earlier." <u>Alicea v. Machete Music</u>, 744 F.3d 773, 781 (1st Cir. 2014) (quoting <u>Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25</u>, 426 F.3d 416, 422 (1st Cir. 2005). Plaintiff Calderón-Amézquita opted *not* to appropriately submit to the record several *relevant* documents. <u>See</u> <u>Díaz-Colón v. Díaz</u>, 291 F.R.D. 27, 31 (D.P.R. 2013) (citing <u>Chestnut v. City of Lowell</u>, 305 F.3d 18, 26 (1st Cir. 2002) (Lipez, J., dissenting)).

Subsequently, the Court hereby **DENIES** Plaintiff Calderón-Amézquita's motions for reconsideration at Docket Nos. 586, 588 and 590 and Defendant Dr. Rivera-Cruz's motion for reconsideration at Docket No. 607. Final judgments shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st of September, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
