IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YEMAL CALDERÓN AMÉZQUITA

Plaintiff,

v.                                                    CIVIL NO. 17-2197 (GAG)

VICTOR RIVERA-CRUZ, et al.,

Defendants.

## MEMORANDUM OPINION

In its previous Opinion and Order (Docket No. 581), the Court raised concerns as to whether Plaintiff Yemal Calderón-Amézquita's causes of action against Defendant Dr. Victor Rivera Cruz, in the context of a medical malpractice law, were plausible under Commonwealth law. (Docket No. 581 at 41). The four causes of actions, all under Articles 1802 and/or 1803 of the Civil Code of Puerto Rico, included in the Amended Complaint are: (1) medical malpractice pursuant to Article 1802 and 1803; (2) hospital and commercial liability pursuant to Article 1802; (3) negligence in the "performance of supervisory" duties pursuant to Article 1802 and 1803, and (4) "director liability" pursuant to Article 1802. (Docket No. 68 ¶¶ 196-241).

The Court generally posed the following question: "[C]an a physician, who holds a supervisory role *within* a hospital structure, be held liable for allegedly failing to perform certain duties or institute proper policies, under Articles 1802 and/or 1803 of the Puerto Rico Civil Code?" (Docket No. 581 at 41) (emphasis in original). Subsequently, the Court asked a more comprehensive set of questions and ordered the parties to brief on these issues with specific Commonwealth case-law. (Docket No. 581 at 41-42). The Court even suggested that "[p]erhaps, this is a legal issue that may ultimately need to be certified to the Puerto Rico Supreme Court. Id. at 42, n. 13. As per

**Civil No. 17-2197 (GAG)**

Defendant Dr. Rivera-Cruz's motion for clarification at Docket No. 591, the Court ordered the parties to file simultaneous memoranda of law by August 17, 2020 to addresses these questions. (Docket No. 592).

After reviewing the parties submissions in compliance with the Court's show cause orders, the ruling is as follows: Motions in compliance at Dockets Nos. 602, 605 and 596 are **NOTED**. Plaintiff's Motion for Reconsideration Dictum as to Claims Against Dr. Victor Rivera-Cruz at Docket No. 596 is hereby **DENIED**. In light of the show cause orders, Plaintiff Calderón-Amézquita has moved to voluntarily dismiss the Third and Fourth causes of action in the Amended Complaint (Docket No. 68). Said request at Docket No. 605 is hereby **GRANTED**. Plaintiff's remaining claims against Defendant are: (1) medical malpractice and (2) hospital and commercial liability claims, both pursuant to *only* Article 1802. (Docket No. 68 at 27-30).

Notwithstanding, the Court agrees with Defendant Dr. Rivera-Cruz's memorandum of law analysis that "Article 1802, as applied in medical malpractice cases, is predicated on a physician's *treatment* or an *intervention* with a given patient." (Docket No. 602 at 7) (emphasis added). Plaintiff Calderón-Amézquita's medical malpractice claim against Dr. Rivera-Cruz are premised on his alleged duty as Emergency Room Director to "supervise, monitor and correct the subpar performance" of *other* physicians (Docket No. 68 ¶ 207) and an obligation to "step in and provide medical care" when *others* allegedly fail. (Docket No. 605 at 2). Plaintiff also plead that Defendant negligently "omitted to institute proper policies and procedures as well as to ensure compliance with those already in place." (Docket No. 68 ¶ 207). Plaintiff Calderón-Amézquita reiterated this arguments in his oppositions to Dr. Rivera-Cruz's motion for partial summary judgment. (Docket No. 522). Plaintiff supported these contentions by citing evidence submitted to the record, specifically Dr. Edwin Miranda's expert testimony and the answers during depositions by Plaintiff,

Dr. Rivera-Cruz and other Defendants. (Docket No. 522 at 18-22).

After careful consideration, the Court holds that, as matter of law, these "duties, obligations and omissions" advanced by Plaintiff are not predicated on *direct* medical treatment or intervention of a patient and are unconceivable and unsupported by Article 1802 of the Civil Code of Puerto Rico, P.R. LAWS ANN. tit. 31, § 5141 and the applicable Commonwealth case-laws. See e.g. Pages-Ramirez v. Ramírez-González, 605 F. 3d 109, 113 (1st Cir. 2010); Rolón-Alvarado v. Municipality of San Juan, 1 F. 3d 74, 78 (1st Cir. 1993). The Court already ruled that it is uncontested that Dr. Rivera-Cruz "never directly treated the deceased."(Docket No. 581 at 40). Consequently, the Court hereby reconsiders its previous ruling and, absent any material issues of fact, **GRANTS** Defendant Dr. Rivera-Cruz's Motion for Partial Summary Judgment at Docket No. 503. Plaintiff's only remaining claim against Dr. Rivera-Cruz is the hospital and commercial liability cause of action. Final judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st of September, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge