**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| YEMAL CALDERÓN AMÉZQUITA, et al., <br><br> **Plaintiff** <br><br> v. <br><br> Victor Rivera Cruz, et al., <br><br> **Defendant** | CIVIL NO. 17-2197 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

### I. BACKGROUND

Pending before the Court is Codefendant Doctors' Center Bayamón, Inc.'s ("Defendant") *Motion in Limine to Preclude Evidence of Doctors' Alleged Admission of Liability in the State Court Case* ("*Motion in Limine*") (Docket No. 643). Defendant requests the Court bar Plaintiff Dr. Yemal Calderón Amézquita ("Plaintiff") from introducing any evidence or testimony regarding Defendant's alleged admission of liability in the related Commonwealth proceedings. Id.[1] Specifically, Defendant challenges the admissibility of three documents from the Commonwealth proceedings: (i) a motion Defendant filed on October 23, 2019;

---

[1] On August 14, 2017, Plaintiff's brother and sister, Mr. Omar Calderón-Amézquita and Ms. Mónica Calderón-Amézquita, filed a similar cause of action seeking damages at the Puerto Rico Court of First Instance, Bayamón Part ("Commonwealth proceedings") (Civil No. DDP-2017-0468 (703)).

(ii) the operative complaint; and (iii) a minute entry issued after a hearing to schedule a trial date. Defendant argues that the pertinent portions of these documents are inadmissible because: (i) this Court is not bound by judicial admissions in the Commonwealth proceedings; (ii) they are not relevant; and (iii) even if they are relevant, the probative value is substantially outweighed by the danger of unfair prejudice. Id.

In response, Plaintiff filed his *Opposition to Motion in Limine Filed at Docket No. 643* ("*Opposition*") in which he rebuts each of those arguments and posits that the alleged Commonwealth proceeding admissions are admissible non-hearsay statements. (Docket No. 658).[2] Defendant then filed a *Reply to Plaintiff's Response in Opposition Filed at D.E. 658* ("*Reply*"), reiterating its judicial admission argument and rebutting Plaintiff's hearsay arguments. (Docket No. 665).

For reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Defendant's *Motion in Limine*.

## II. APPLICABLE LAW

The touchstone of admissibility is relevance. Therefore, "evidence must be relevant to be admissible" and "irrelevant

---

[2] In addition to the *Opposition*, Plaintiff filed a *Motion in Limine to Include and Exclude Evidence at Trial* ("*Plaintiff's Motion*") (Docket No. 645), in part seeking an *in limine* order establishing that Defendant's pleading admissions in the Commonwealth proceedings are admissible. This motion is addressed *infra* § III. A. The remainder of *Plaintiff's Motion* is addressed in this Court's other Opinion and Order dated February 15, 2022. (Docket No. 728).

evidence is not admissible." Fed R. Evid. 401, 402; In re Fin. Oversight & Mgtm. Bd. For Puerto Rico, 2019 WL 3565942, at *2 (D.P.R. 2019) (internal quotation omitted). Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if the fact in question "is of consequence in determining the action." Fed. R. Evid. 401. Thus, evidence is relevant so long as it "move[s] the inquiry forward to some degree" on a fact of consequence. Bielunas v. F/V Misty Dawn, Inc., 621 F.3d 72, 76 (1st Cir. 2010) (citation omitted). The Federal Rules of Evidence "set a very low bar for relevance." United States v. Pereira, 312 F. Supp. 3d 262, 272 (D.P.R. 2018) (internal quotation marks and citation omitted). Therefore, evidence "which may prove or disprove a party's liability theory" is necessarily relevant. E.E.O.C. v. Ventura Corp., 2013 WL 550550, at *5 (D.P.R. 2013) (quotation omitted).

While evidence must be relevant to be admissible, not all relevant evidence is admissible. *See* Fed. R. Evid. 402 ("Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court [of the United States].") One such exception in the Federal Rules of Evidence is the rule against hearsay, which broadly excludes out-of-court statements offered to prove their

truth. *See* Fed. R. Evid. 801(c); 802. Importantly, Rule 801(d)(2) expressly carves out certain statements from the definition of hearsay. Relevant here are two types of non-hearsay statements: statements of a party opponent and adoptive admissions.

Further, Federal Rule of Evidence 403 allows for the exclusion of evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The First Circuit has emphasized that this rule protects "against *unfair* prejudice, not against *all* prejudice." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008) (internal quotation marks and citation omitted) (emphasis in original). "Evidence is generally deemed unfairly prejudicial if it has an undue tendency to prompt a decision by the factfinder on an improper basis." Díaz-Casillas v. Doctors' Ctr. Hosp. San Juan, 342 F. Supp. 3d 218, 232 (D.P.R. 2018) (quotation omitted).

### III. ANALYSIS

At issue are several alleged admissions from the Commonwealth proceedings that Defendant either made or failed to correct. As a threshold matter, there is no question that each of the statements are relevant. As noted above, the bar for relevance is very low. *See* Pereira, 312 F. Supp. 3d at 272. While there is not perfect parity between the parties and claims at issue in this action and

the Commonwealth proceedings, the underlying facts and events are the same. (Docket No. 643 ¶ 9). Therefore, statements made regarding Defendant's admission of negligence as to the death of Dr. Calderón's father undoubtedly "move[s] the inquiry forward to some degree" on a fact of consequence. Bielunas, 621 F.3d at 76.

That being said, this Court must determine whether each of these statements is nevertheless inadmissible for any other reason. Each document is discussed in turn below.

### A. Defendant's Pleading Admissions Are Admissible

Defendant requests the Court bar the introduction of certain allegations from the operative complaint in the Commonwealth proceedings (the "Commonwealth Complaint") that Defendant admitted in its answer (the "Commonwealth Answer") (jointly, the "Commonwealth Pleadings"). (Docket No. 643). Plaintiff also requested these statements be deemed admissible. (Docket No. 645). Both requests are addressed in this section.

In dispute are twelve specific allegations from the Commonwealth Complaint:

> [T]he staff of the Emergency Room of the Hospital ignored and did not attend to the symptoms presented by the emergency situation in which Mr. Calderón was.
>
> Even though Dr. Calderón's father needed an emergency surgery, the surgeon had to delay the proceeding until the next morning due to the severe state of dehydration that the patient was on, and the other medical

> complications he developed in the Hospital's Emergency Room.
>
> The incorrect and intolerable late diagnosis and medical treatment provided by the defendants to Mr. Calderón caused his death, after a prolonged and painful hospitalization.
>
> The medical care given to Mr. Calderón by the defendants is far from the best medical practice and was what caused his distressful and painful death.
>
> Mr. Calderón's death could and should have been avoided through timely medical diagnoses and treatments that complied with the applicable medical standards.
>
> In attending to Mr. Calderón, the staff at the Hospital, its employees and the other defendants did not comply with the basic rules established in Regulation No. 117 of the Department of Health, the internal policies and protocols of the Hospital and the applicable medical standard of care.
>
> The Hospital . . . ha[s] a legal obligation to create, maintain, update and disseminate regulations, policies, protocols and procedures appropriate to safeguard the safety, physical well-being and health of all its patients, including Mr. Calderón.
>
> The Hospital . . . ha[s] the obligation to monitor and ensure compliance with the regulations, policies, protocols and procedures required by law to safeguard the safety, physical well-being and health of Case [its] patients including Mr. Calderón.
>
> On information and belief, through negligent actions and omissions, the Hospital . . . failed to comply with its obligation to

**CIVIL NO. 17-2197 (RAM)** 7

> create, maintain, update and disseminate appropriate regulations, policies, protocols and procedures required by law and the standard of the applicable medicine to safeguard the safety, physical well-being and health of all its patients, including Mr. Calderón.
>
> On information and belief, the Hospital . . . failed to monitor and ensure compliance with the regulations, policies, protocols and procedures required by law and the applicable standard of medicine to safeguard safety, the physical well-being and health of its patients, including Mr. Calderón.
>
> Among other things, [the Hospital] failed to ensure that the personnel who interacted with Mr. Calderón had the preparation, adequate experience and training to provide appropriate and diligent medical care.
>
> Mr. Calderón died as a direct result of the negligent actions and omissions of the Hospital . . . .

(Docket No. 645 at 2-3; 658 at 3-4).

The Commonwealth Answer contained, in relevant part, the following admissions:

> From paragraph fifty [three] [53] to paragraph one hundred and fifteen [115], everything that arises specifically from the patient's medical record in the Hospital is admitted . . . all paragraphs containing alleged violations of the standard of best practice that address actions by ancillary personnel of the Hospital at the Emergency Room are admitted.
> …
> Paragraphs one hundred twenty-nine [129] to one hundred thirty-six [136] regarding the responsibility of the Hospital under Articles

**CIVIL NO. 17-2197 (RAM)** 8

> 1802 and 1803 of the Civil Code of Puerto Rico are admitted.
> …
> Paragraph one hundred and thirty-nine [139] to one hundred and forty-three [143] are accepted regarding the responsibility of the Hospital insofar as the non-compliance and/or omissions in not implementing the existing norms and protocols in this case would have had a direct effect on the outcome of the present case.

(Docket No. 658 at 3).

Defendant primarily argues that these admissions in the Commonwealth Answer should be excluded at trial because this Court previously ruled that it was not bound by decisions made in the Commonwealth proceedings. (Docket Nos. 643 ¶ 4; 581 at 42). However, the relevant question is not whether this Court is *bound* by such admissions, but whether such statements are *admissible*. Courts in this Circuit routinely hold that pleadings in one proceeding are admissible in another proceeding. *See, e.g.*, United States v. Raphelson, 802 F.2d 588, 592 (1st Cir. 1986) ("Although a pleading in one case is not a conclusive judicial admission in a later one, **it is treated as an ordinary admission which can be contradicted by other evidence**.") (citation omitted) (emphasis added); Int'l Shipping Agency, Inc. v. Union de Trabajadores de Muelles Loc. 1740, 2015 WL 5022794, at *9 (D.P.R. 2015) (holding that, while an admission made in another proceeding is not binding, it may be probative evidence subject to contradiction).

Case 3:17-cv-02197-RAM   Document 727   Filed 02/15/22   Page 9 of 13

**CIVIL NO. 17-2197 (RAM)**                                                9

Further, these statements are not hearsay. Rule 801(d)(2) excludes from the definition of hearsay statements offered against an opposing party that were "made by the party in an individual or representative capacity" or "made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" Fed. R. Evid. 801(d)(2)(A), (D). Despite Defendant's contentions to the contrary, "[t]he law is clear that pleadings constitute admissions under Rule 801(d)(2) and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party." Rosenberg v. Curry Chevrolet Sales & Serv., Inc., 152 F.3d 920, 920 (2d Cir. 1998) (citation omitted) (holding that district court did not err in admitting several of appellants' relevant pleadings from prior state-court actions). **Therefore, the relevant portions of the Commonwealth Complaint that Defendant admitted in the Commonwealth Answer are admissible, including to prove their truth.** However, they are not binding, and Defendant may contradict them or limit their utility to the jury with other evidence.

**B. Defendant's Statements in the October 23, 2019 Motion Are Admissible**

Defendant also seeks to exclude written statements made by Defendant's own attorney in a *Motion for Conversion of Pre-Trial Conference to a Status Conference* ("*Commonwealth Motion*") filed in the Commonwealth proceedings on October 23, 2019. (Docket Nos. 658

at 2; 658-1). Notably, Defendant is represented by the same attorney in both the Commonwealth and federal proceedings. (Docket No. 658 at 2 n.1). In the *Commonwealth Motion*, Defendant's attorney wrote the following:

> [P]rior to this conference the undersigned was waiting for [Defendant] to authorize the undersigned to notify if negligence will be accepted for the claims filed in the original complaint and the amended complaint with the exception of the allegations of the last amended claim that deal with aspects that are not of medical malpractice.
>
> On this morning, the undersigned was officially notified that the undersigned is authorized to claim that [Defendant] would be taking the aforementioned action.

(Docket No. 658-1 at 2).

Plaintiff posits this statement is not hearsay because it qualifies as a statement of a party opponent pursuant to Federal Rule of Evidence 801(d)(2). (Docket No. 658 at 5-7). The Court agrees.

As previously noted, Rule 801(d)(2)(D) excludes from the definition of hearsay statements offered against an opposing party that were "made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" Fed. R. Evid. 801(d)(2)(D). To make this showing, Plaintiff must show by preponderance of the evidence: "(1) that an agency relationship existed; (2) that the statements were made during the course of the relationship; and (3) that the statements relate to matters

within the scope of the agency." Gomez v. Rivera Rodriguez, 344 F.3d 103, 116 (1st Cir. 2003) (citation omitted). Here, Defendant hired the same attorney for the Commonwealth and federal cases, which stem from the same alleged negligent actions and omissions, and said attorney made this statement in the scope of that representation. Hence, defense counsel's statement, made in furtherance of his relationship as Defendant's attorney, and during the course of that relationship, is an "admission" which is not considered hearsay pursuant to Federal Rule of Evidence 801(d)(2)(D). *See, e.g.*, Shepp v. Uehlinger, 775 F.2d 452, 455 (1st Cir. 1985). **Therefore, the statements in the October 23, 2019 motion filed in the Commonwealth proceeding are admissible against Defendant.**

### C. The Commonwealth Judge's Statements in the Minute Entry Are Not Admissible

Finally, Defendant seeks to exclude statements made by the Commonwealth judge in a minute entry issued after a hearing to schedule a trial date. The contested statement reads as follows:

> Plaintiff wanted to clarify for the record that a Hearing on the Damages will be held, since the negligence of [Defendant] and the proximate cause were admitted by [Defendant]. Once the matter was discussed by the parties, the Court concluded that it will hold a hearing as to damages, to determine the damages suffered by the plaintiff as a result of [Defendant's] negligence, which caused the death of the plaintiffs' father.

(Docket No. 658 at 5; 648-1).

The Court notes Plaintiff's argument as to the probative value of this statement and Plaintiff's argument as to its admissibility as an adoptive admission. (Docket No. 658 at 8-10). However, in accordance with Federal Rule of Evidence 403, the probative value of this statement is substantially outweighed by the danger of unfair prejudice it presents and thus it is inadmissible. There is a very high likelihood that the jury would give undue weight to this statement merely because it was uttered by a Commonwealth judge. And while the jury would not be legally bound by this decision, there is a substantial risk they would treat it as a binding pronouncement. Whether Defendant was negligent is a question of fact for the jury in this case, and while previous admissions by Defendant's own attorney are probative and non-prejudicial, such a statement from another judge in a similar case to the one at bar is simply too prejudicial to admit. *See, e.g.*, Haynes v. Acquino, 771 F. App'x 75, 77 (2d Cir. 2019) (upholding district court's decision to exclude state court judge's ruling under Rule 403 because the "jury might place undue emphasis on a court order simply because a judge issued it" and "introducing [the] order might confuse the issues and mislead the jury") (citation omitted). Therefore, Defendant's request to exclude this statement is **GRANTED.**

## IV. CONCLUSION

For reasons set forth herein, Defendant's *Motion in Limine* is **GRANTED** as to the statement by the Commonwealth judge and **DENIED** as to the statement made by Defendant's attorney in motion practice and at the pleading stage in the Commonwealth proceedings. *Plaintiff's Motion* is thus **GRANTED** as to the statements in the Commonwealth Pleadings.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of February 2022.

S/RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE