IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YEMAL CALDERÓN AMÉZQUITA, et al.,<br><br>**Plaintiff**<br><br>v.<br><br>Victor Rivera Cruz, et al.,<br><br>**Defendant** | CIVIL NO. 17-2197 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

## I. BACKGROUND

Pending before the Court is Codefendant Doctors' Center Bayamón, Inc.'s ("Defendant") *Motion in Limine to Preclude Any Evidence or Argument That Doctors' is Directly Liable for the Proportional Negligence of the Defendants Who Have Been Dismissed from the Case* ("*Defendant's Motion*") (Docket No. 644), Plaintiff Dr. Yemal Calderón Amézquita's ("Plaintiff") *Motion in Limine to Include and Exclude Evidence at Trial*" ("*Plaintiff's Motion*") (Docket No. 645), and Plaintiff's *Supplemental Motion in Support of Relief Requested at Dockets No. 645, 652, 657 & 670* ("*Plaintiff's Supplemental Motion*") (Docket No. 712). Through these motions and related briefing, Defendant seeks an order barring Plaintiff from presenting evidence, testimony and/or argument to the effect that Defendant is directly liable for the

actions or omissions of previous defendants who have been dismissed from the present case. (Docket No. 644 ¶ 1). Plaintiff, on the other hand, seeks an order barring Defendant from mentioning the dismissals of these previous defendants. (Docket No. 645 at 1).[1] *Plaintiff's Supplemental Motion* then alerted this Court to recent supplemental authority from the Supreme Court of Puerto Rico that addressed liability apportionment when awarding damages. (Docket No. 712).

For the reasons discussed below, the Court **DENIES** *Defendant's Motion* and **DENIES IN PART** *Plaintiff's Motion*.

## II.   APPLICABLE LAW

This diversity suit is governed by the substantive law of Puerto Rico. Pages-Ramirez v. Ramirez-Gonzalez, 605 F.3d 109, 113 (1st Cir. 2010) (citation omitted).

Relevant here is the Supreme Court of Puerto Rico's recent body of caselaw interpreting and clarifying when a plaintiff must bring claims against all alleged tortfeasors to ensure a complete damages recovery. As it currently stands, this issue hinges on the existence of an employer-employee-type relationship between the co-tortfeasors. In Fraguada Bonilla v. Hospital Auxilio Mutuo, the plaintiff filed a lawsuit against a hospital but did not sue the doctor, an alleged joint tortfeasor, until six years later. *See*

---

[1] The remainder of *Plaintiff's Motion* is addressed in this Court's other Opinion and Order dated February 15, 2022. (Docket No. 727).

Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 P.R. Dec. 365 (2012). The Supreme Court held that the plaintiff's claim against the doctor was untimely, as he was required to file suit against the doctor within the one-year statute of limitations. Id. at 393. Therefore, Fraguada teaches that, in instances of imperfect solidarity where there are multiple tortfeasors, to recover the total amount of damages from each sued codefendant, a plaintiff must separately toll the statute of limitations in relation to each codefendant. Id.

A few years later, the Puerto Rico Supreme Court addressed this issue in the context of third-party claims for damages. In Maldonado Rivera v. Suarez, the Supreme Court held that if the statute of limitations has run on a plaintiff's claim for damages against a non-defendant tortfeasor, other codefendants who were timely sued cannot bring third-party claims against that non-defendant tortfeasor. *See* Maldonado Rivera v. Suarez, 195 P.R. Dec. 182, 211 (2016). However, even if the plaintiff ultimately prevails, because they are at fault for failing to file a timely claim against the non-defendant tortfeasor, the portion of liability attributable to the non-defendant tortfeasor will be deducted from the total compensation available to them. Id. at 212. In other words, in this scenario, the codefendants who were properly sued are not liable for the damages they did not cause

simply because the plaintiff failed to timely sue their co-tortfeasors.

However, the Supreme Court of Puerto Rico has recently clarified that different rules govern when the alleged tortfeasors are in an employer-employee relationship, *i.e.*, perfect solidarity. *See* Peréz-Hernández v. Lares Medical Center, Inc., 207 P.R. Dec. 965 (2021). In Peréz-Hernández, the Court held that, in a case against joint tortfeasors who operate under an employer-employee relationship, a plaintiff may recover the entire damages amount from any tortfeasor, regardless of whether he sued other non-defendant tortfeasors within the applicable statute of limitations. Id. In this scenario, the jury does not apportion fault among the alleged tortfeasors. Instead, the defendant will be responsible for the entire amount of the damages awarded to the plaintiff and may subsequently seek contribution against the co-tortfeasors in a separate and subsequent action. Id.

### III.  DISCUSSION

**A. Plaintiff May Offer Testimony and Evidence Regarding Defendant's Direct Liability**

Having summarized the evolving legal landscape, we now turn to *Defendant's Motion*. Defendant posits that, pursuant to the Supreme Court of Puerto Rico's holdings in Fraguada and Maldonado, it is not directly liable for the actions or omissions of ex-defendants who were dismissed from this case because claims against

them were time-barred (the "Dismissed Parties").[2] (Docket No. 644 at 6-7). Defendant thus argues that, should the jury award any damages to Plaintiff, the jury must first apportion the damages for each tortfeasor and deduct the amount attributable to the Dismissed Parties from Defendant's total liability. Id. To that end, Defendant requests an order *in limine* barring Plaintiff from presenting anything at trial that suggests Defendant may be held directly liable for the alleged negligence of the Dismissed Parties. Id. That request is **DENIED**.

As a threshold matter, while much ink was spilled briefing this issue, Defendant has yet to identify any *specific* evidence it seeks to exclude. Instead, Defendant has effectively requested that this Court exclude theories of tort liability from trial, which is not a proper request on a *motion in limine*. See Torres-Rivera v. Centro Medico Del Turabo Inc., 215 F. Supp. 3d 202, 208 (D.P.R. 2016).

Additionally, as noted above, the outcome of the arguments underlying *Defendant's Motion* rest on the precise nature of Defendant's relationship with the Dismissed Parties. Thus, to the extent such evidence assists Plaintiff in proving the elements of his claims, "such evidence is relevant and therefore admissible." Id. If Plaintiff has a good-faith basis to do so, he may argue

---

[2] This is at least the third time that Defendant has made this argument in this litigation. The other times took place at Docket Nos. 620, 632. Notably, this last attempt was denied by the Court. (Docket No. 633).

that Defendant and the Dismissed Parties were in an employee-employer relationship and that Defendant is thus liable for the full amount of damages, if any. Should Plaintiff succeed on this claim, Defendant would then be free to seek recourse from the Dismissed Parties through a separate action for contribution. *See* Peréz-Hernández, 2021 TSPR 123 (2021).

Likewise, Defendant may present evidence showing that it was not in an employer-employee relationship with the Dismissed Parties and that if the jury finds them and Defendant liable, then the jury must apportion damages (if any) according to each tortfeasor's relative fault. Defendant would also be free to rebut any affirmative evidence Plaintiff provides as to the nature of the relationship between the alleged co-tortfeasors.

For the foregoing reasons, the Court finds that the nature of Defendant's relationship with the Dismissed Parties is unresolved, relevant, and, at this juncture, a question for trial. Therefore, *Defendant's Motion* at Docket No. 644 is **DENIED**.

**B. Defendant May Mention the Dismissed Parties**

Relatedly, Plaintiff seeks an order *in limine* barring any mention at trial of the Dismissed Parties. (Docket No. 645 at 5). Given the above analysis, it is certainly relevant in this case that other codefendants were previously dismissed, as the jury must determine the Dismissed Parties' relationship with Defendant. Defendant therefore may mention the Dismissed Parties while

stating they are no longer parties to this action. However, Defendant is **barred** from mentioning *why* any codefendant was dismissed, as the underlying reason is not relevant to damages apportionment or any of Defendant's legal theories.

Thus, this portion of *Plaintiff's Motion* at Docket No. 645 is **DENIED IN PART**.

## IV. CONCLUSION

For the reasons set forth herein, *Defendant's Motion* is **DENIED**, and *Plaintiff's Motion* is **DENIED IN PART**. The Court also **DENIES** Defendant's request to file a dispositive motion at this time. (Docket Nos. 716 at 4; 724 at 5).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of February 2022.

S/RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE