**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

YEMAL CALDERÓN AMÉZQUITA,

    **Plaintiff,**

       v.

VICTOR RIVERA CRUZ, ET AL.,

    **Defendants.**

**CIVIL NO. 17-2197 (RAM)**

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff Dr. Yemal Calderón Amézquita ("Plaintiff" or "Calderón")'s *Motion Requesting Order* for the Court to strike two post-remand summary judgment motions filed by Defendant Dr. Carlos Hernández-Román ("Hernández") and Defendant Dr. Víctor Rivera-Cruz ("Rivera"). (Docket Nos. 832-33, 836-38, 839).

Plaintiff argues that the summary judgment filings should be stricken because they come more than six years after the deadline for summary judgment motions set by a Magistrate Judge. (Dockets Nos. 501, 839 at 1). Hernández and Rivera's summary judgment filings were initially not preceded by an attempt to seek leave of court or show excusable neglect; hence, the Court ordered the two defendants to show cause "as to why their post-remand summary judgment motions should not be stricken." (Docket No. 840). Each

then filed a *Motion in Compliance*. (Docket Nos. 841-42). The Court **NOTES** both these motions.

Having considered the parties' submissions, the *Motion Requesting Order* to strike the Rivera and Hernández filings is **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth below. (Docket No. 839). In short, the Court **STRIKES** Hernández's filing at Docket No. 836; the Court **DENIES** the *Motion Requesting Order* as to Rivera's filing at Docket No. 832. The Court **DENIES** Hernández's *Motion for Joinder* at Docket No. 843.

Plaintiff is ordered to respond to the Rivera *Motion for Summary Judgment* **by March 31, 2026.**

## I.    PROCEDURAL BACKGROUND

This case has a long and tortuous history. Nearly eight and a half years ago, on September 13, 2017, Plaintiff filed this action. (Docket No. 1). On December 20, 2017, the case was referred to then-Magistrate Judge Camille L. Velez-Rivé. (Docket No. 27). Plaintiff amended his *Complaint* two times, once on September 15, 2017, and again on April 30, 2018. (Docket Nos. 2, 5, 68). On May 30, 2019, Plaintiff moved to amend his *Complaint* for the third time, but this Court, with then-United States District Judge Gustavo A. Gelpi presiding, affirmed the Magistrate Judge's ruling denying the request to amend. (Docket Nos. 363, 370, 403).

The first dispositive motions deadline was set for February 28, 2019, by the Magistrate Judge. (Docket No. 45). On August 7,

Civil No. 17-2197 (RAM)                                                3

2019, she ordered that summary judgment motions be submitted by November 29, 2019. (Docket No. 424). Throughout this period, the Magistrate Judge continually noted that filing deadlines and court orders were to be firmly adhered to; nevertheless, she generously granted extensions when requested. *See, e.g.*, (Docket Nos. 415, 449, 452, 472, 486). Finally, the Magistrate Judge granted a final extension for the filing of summary judgment motions until December 6, 2019, and ordered that parties submit "All Dispositive Motions" by said date. (Docket Nos. 497, 501).

On the deadline day of December 6, 2019, Hernández, Rivera, three other co-defendants, and Plaintiff moved for summary judgment. *See, e.g.*, (Docket Nos. 503, 506, 509, 511, 514). Ruling on these filings on July 22, 2020, Judge Gelpí denied the summary judgment motion filed by Rivera as to its timeliness argument and ordered the parties to file supplemental briefing on the question of whether a physician could "be held liable for his supervisory, or directorial, role" under the Puerto Rico general tort statutes. (Docket No. 581 at 29-31, 39-42). Moreover, the district court entered summary judgment in favor of Hernández, on the basis that Plaintiff filed his suit after the expiration of the applicable limitations period. Id. at 31-31. After reviewing the supplemental briefing, the district court held on September 4, 2020 that "as a matter of law, the 'commercial and hospital liability' claim

against [Rivera] is indeed no longer viable" and dismissed all claims against him. (Docket No. 622).

On October 31, 2025, the United States Court of Appeals for the First Circuit vacated the Court's judgment in part against Rivera and Hernández. (Docket Nos. 780, 781); Calderon-Amezquita v. Rivera-Cruz, 158 F.4th 54 (1st Cir. 2025). As to Hernández, the Circuit concluded that the district court erred by resolving the limitations period issue at summary judgment, since whether Plaintiff exercised the due diligence necessary to timely sue Hernández was "a question better left for a jury." (Docket Nos. 780 at 55-63). Lastly, as to Rivera, the Circuit overturned the district court on its legal conclusion that a doctor could not be held liable as a supervisor or medical director without personally treating the patient. Id. at 67-74.

The case then resumed on a track directed toward the beginning of trial. See, e.g., (Docket No. 785). On December 18, 2025, trial was fixed for late August 2026 and pretrial disclosures were ordered to be submitted by the start of June. (Docket No. 794). However, on December 22, 2025, Defendant Dr. Angel Torres-Sánchez ("Torres") filed a renewed motion for summary judgment in place of his earlier Motion to Dismiss over which the First Circuit had overturned Judge Gelpi. (Docket No. 795). On January 8, 2026, Plaintiff filed a Motion to Strike Torres' summary judgment request. (Docket No. 798). Plaintiff argued that Torres made a

strategic choice to forego a summary judgment filing and so should have been forced to deal with the attendant consequences. Id. at 8.

On January 23, 2026, Rivera also filed a renewed motion for summary judgment. (Docket No. 832). Similarly, on February 13, 2026, Hernández filed a renewed motion for summary judgment. (Docket No. 836). Neither sought leave of court prior to their filings. Both filed these motions months after the First Circuit's mandate issued and after this Court had already set the case for trial: Rivera filed for summary judgment exactly sixty days after the First Circuit's mandate issued, and Hernández filed nearly three months after the issuance of the mandate. (Docket Nos. 832, 836).

On March 2, 2026, Plaintiff filed the *Motion Requesting Order* before the Court today, arguing that the Rivera and Hernández motions were untimely and unsupported by an attempt to show excusable neglect. (Docket No. 839 at 1). Plaintiff requests that they, too, be stricken and that the Court hold in obeyance Plaintiff's obligation to respond to them while the Court considers the matter. Id.

Earlier this month, the Court issued an Opinion and Order striking Torres' renewed summary judgment motion and ordering Rivera and Hernández to show cause by March 10, 2026 as to why their own renewed motions should not be likewise stricken. (Docket

No. 840). The Court held in abeyance Plaintiff's obligations to respond to the latter two motions. Id.

On March 10, 2026, both Rivera and Hernández responded to the show cause order. (Docket Nos. 841-2). Rivera argues that, unlike Torres, he timely moved for summary judgment on December 6, 2019; that the First Circuit had merely vacated the legal basis on which judgment had previously been entered in his favor and had, therefore, not addressed the merits; and that his present *Motion for Summary Judgment* addresses the merits the First Circuit expressly left open for this Court to resolve in the first instance. (Docket No. 842). Rivera contends that good cause and excusable neglect exist. Id. For his part, Hernández argues much more tersely that some of the "substantial issues" he raises in his summary judgment filing have not yet been addressed by any court and that the Court did not set a new "deadline for the filing of dispositive motions" after remand. (Docket No. 841 at 2-3).

On March 12, 2026, Hernández filed a *Motion for Joinder* seeking to "join and adopt by reference" Rivera's *Motion in Compliance*. (Docket No. 843 at 1-2).

## II.  LEGAL STANDARD

Fed. R. Civ. P. 16 gives district courts wide latitude to create scheduling orders and institute deadlines for the orderly progression of litigation. Once instituted, a scheduling order "may be modified only for good cause and with the judge's consent."

Civil No. 17-2197 (RAM)                                                    7

Fed. R. Civ. P. 16(b)(4). A party seeking to file a dispositive motion after the applicable deadline must, therefore, show good cause to justify modification.

When deadlines are expired, Fed. R. Civ. P. 6 supplies the relevant authority for defining such good cause. Fed. R. Civ. P. 6(b)(1)(B) permits an extension only upon a showing of "excusable neglect." Under Supreme Court precedent, a four-factor balancing test determines whether "excusable neglect" exists: (1) whether there is a danger of prejudice to the nonmovant, (2) the length of the delay and its impact on proceedings, (3) the reason for the delay (including whether it was in the movant's reasonable control), and (4) whether the movant acted in good faith. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

### III. ANALYSIS

In the case at bar, the relevant dispositive motions deadline expired more than six years ago when then-Magistrate Judge Velez-Rivé granted a final extension for the filing of summary judgment motions until December 6, 2019. (Docket Nos. 497, 501).

### A. **Hernández fails to demonstrate good cause**

Although it is a closer call for him than it was for Torres, Hernández also does not demonstrate "excusable neglect" under <u>Pioneer</u>. 507 U.S. at 395.

Hernández recently filed a brand-new *Motion for Summary Judgment* on February 13, 2026 without first moving to modify the scheduling order under Fed. R. Civ. P. 16(b)(4), requesting a deadline extension, or seeking leave to file. (Docket No. 836). Even when invited to do so by the Court, (Docket No. 840), Hernández altogether fails to grapple with the applicable Fed. R. Civ. P. 16(b)(4) "good cause" standard or to demonstrate "excusable neglect" under Pioneer. (Docket No. 841); 507 U.S. at 395.

Applying the Pioneer test *sua sponte*, the Court rules that the balance of the test weighs in favor of striking Hernández's summary judgment request. First, the Court holds that Plaintiff would be substantially prejudiced by being forced to relitigate dispositive issues, especially given that Hernández waited nearly three months after remand to file for summary judgement. For Hernández, in particular, the Court of Appeals has signaled the impropriety of reaching a resolution on summary judgement: the Circuit expressly held that "whether [Plaintiff]'s late procurement of actual knowledge was a result of his lack of due diligence is a question better left for a jury, where, as here, the outcome is within the range where reasonable men and women can differ." (Docket No. 780 at 65); Calderon-Amezquita, 158 F.4th at 85 (internal quotation omitted). Hence, Hernández's request for the Court to decide that same issue on summary judgment is inappropriate and would be prejudicial to the Plaintiff.

Second, while not completely in his control, the delay in this case reaching trial is extraordinary given that the summary judgment deadline expired more than six years ago. This delay is partly the result of the parties' extensive motions practice, which Hernández seeks to continue here. *See, e.g.*, (Docket No. 501). Moreover, an even more relevant delay--and one that was completely within Hernández's control--is his tardiness in filing the present motions after remand. (Docket Nos. 836).

Third, Hernández does not meaningfully attempt to justify his failure to seek the Court's leave for a modification of the case schedule or to otherwise explicate a reason for delay. In response to an explicit request by this Court that he show why "excusable neglect" exists in his case, Hernández offers no more than two or three sentences stating that some of the "substantial issues" he raises in his summary judgment filing have not yet been addressed by any court and that the Court did not set a new "deadline for the filing of dispositive motions" after remand. (Docket No. 841 at 2-3). This bare assertion does not meet the four-factor <u>Pioneer</u> standard or furnish a reasonable basis for the delay. 507 U.S. at 395. Moreover, it is in sharp contrast to the similarly positioned Rivera's thorough, eleven-page engagement with Fed. R. Civ. P. 6(b)(1)(B) and <u>Pioneer</u>. <u>Id.</u>; (Docket No. 842).

Accordingly, even under <u>Pioneer</u>'s balancing approach, Hernández has not shown (or even attempted to show) excusable

neglect sufficient to justify reopening dispositive motion practice as to him long after the applicable deadline. 507 U.S. at 395.

Lastly, the Court denies Hernández's short *Motion for Joinder*. (Docket No. 843 at 1-2). Aside from succinctly stating that he would like to "join and adopt by reference motions filed by codefendant[] Dr. Rivera Cruz," Hernández does not attempt to substantiate how his circumstances are similar enough to Rivera to justify adopting the latter's Pioneer analysis for the former. As a matter of fact, Hernández's underlying facts are markedly different (and less favorable) than Rivera's. Hence, Hernández fails to comply with the Fed. R. Civ. P. 7(b)(1)(B) requirement that all motions "state with particularity the grounds for seeking the order"; accordingly, his *Motion for Joinder* is **DENIED**. (Docket No. 843).

## B. Rivera demonstrates good cause

Fortunately for him, Rivera fares better than Hernández and Torres at surmounting the barrier of "excusable neglect" under Pioneer. 507 U.S. at 395.

Rivera recently filed a brand-new *Motion for Summary Judgment* on January 23, 2026 without first moving to modify the scheduling order under Fed. R. Civ. P. 16(b)(4), requesting a deadline extension, or seeking leave to file. (Docket No. 832). However, the Court then issued an Opinion and Order ordering him to show

cause as to why his renewed summary judgment motion should not be stricken. (Docket No. 840). In response, and unlike Hernández, Rivera engages fully with the governing Fed. R. Civ. P. 6(b)(1)(B) and Pioneer standards. (Docket Nos. 842). Applying the Pioneer test, the Court rules that the balance of the test weighs against striking Rivera's summary judgment filing.

First, the Court holds that while there is some prejudice to Plaintiff in being forced to respond to another summary judgment filing, it is mitigated by the fact that Rivera is only seeking the resolution of a single, narrow claim that he asserts is all that survives against him after the First Circuit ruling. (Docket No. 832 at 11-12). No new factual theories appear in his *Motion for Summary Judgment*, and the late August 2026 trial date leaves plenty of time for the Court to resolve a targeted summary judgment dispute. Moreover, unlike in its treatment of the Hernández claims, the Circuit did not suggest that the claim against Rivera should proceed to trial. (Docket No. 780 at 71-72). On the contrary, the Circuit acknowledged that it was "stop[ping] short of scouring the record and reviewing the expert testimony to decide in the first instance whether [Plaintiff] has provided sufficient evidence to establish that Dr. Rivera indeed had a legal duty which he negligently failed to carry out in regard to [Plaintiff]'s father" and that "[i]t remains [Plaintiff]'s burden to refute, by show of evidence, the presumption that Dr. Rivera has reasonably fulfilled

his duties and obligations." Id. Given that no court has yet ruled on whether Plaintiff has carried that burden, it is in the interest of justice for this Court to direct Plaintiff to engage with the merits of Rivera's argument. Hence, the prejudice-against-nonmovant factor weighs in favor of Rivera.

Next are the length- and reason-of-delay factors. Rivera was tardy in filing for summary judgment post-remand, and the Court does not credit Rivera's argument that filing two months after this Court received its mandate is justified by Rivera's counsel's formal appearance in the case two weeks before his filing. (Docket No. 842 at 3). Still, Rivera provides a detailed account of what prompted him to wait until January 23 (a delay meaningfully shorter than that of Hernández) to move for summary judgment and argues persuasively that allowing summary judgment briefing on a narrow issue well in advance of trial will not disrupt the case's progression. For the same reasons, the Court holds that Rivera did not act in bad faith, as he filed within the timeframe he mistakenly thought applied after the formal appearance of his counsel.

As a whole, Rivera demonstrates excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) and Pioneer. (Docket No. 842). While he was not as prompt as desirable post-remand, the Court is of the view that considering the narrow summary judgment issue as to Rivera in

Civil No. 17-2197 (RAM)                                                        13

the first impression is fair to all parties and in the interest of justice.

## IV.   CONCLUSION

For the foregoing reasons, the *Motion Requesting Order* to strike the Rivera and Hernández filings is **GRANTED IN PART** and **DENIED IN PART**. (Docket No. 839). The Court **STRIKES** Hernández's *Motion for Summary Judgment* at Docket No. 836; the Court **DENIES** the *Motion Requesting Order* as to Rivera's *Motion for Summary Judgment* at Docket No. 832. Lastly, the Court **DENIES** Hernández's *Motion for Joinder* at Docket No. 843.

Plaintiff is ordered to respond to the Rivera *Motion for Summary Judgment* **by March 31, 2026.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge